UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ROSENBALM, | No. C 06-7412 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| MENDOCINO SUPERIOR COURT, | |
| Respondent. | |

Vincent Rosenbalm filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. He was housed at the Mendocino County Jail when he filed this action, but is now housed at Napa State Hospital. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

At the time he filed his petition in this action, Rosenbalm was a pretrial detainee. He stated in this petition that he had been charged with violating Penal Code § 422, making a criminal threat.[1]  This is his second petition challenging his pretrial detention; his first petition was sent less than 2 weeks earlier, see Rosenbalm v. Pearce, C 06-7237 SI. In the petition in this

---

[1] Rosenbalm's most recent letter was mailed after he was moved to Napa State Hospital and indicated that the criminal charges are still pending against him. Although he did not state why he was at Napa State Hospital, the continued pendency of the criminal charges against him while he was at a state mental hospital plus his allegations that the court improperly considered reports from two doctors, suggest that he was in the mental hospital either for an inquiry into his competence or pending restoration of his competence to stand trial. See Cal. Penal Code § 1367 et seq.

action, Rosenbalm alleged that the state courts refused to answer his habeas petitions, refused to appoint him an attorney to replace the public defender he fired a month before he filed his federal petition, accepted reports from two doctors who had not talked to him, and refused to allow him to subpoena witnesses. He further alleged he was subjected to an unlawful search and seizure in September 2006 during which police took some of his property.[2]

This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) by a person who is in custody but not yet convicted or sentenced. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Application of Floyd, 413 F. Supp. 574, 576 (D. Nev. 1976). Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also Younger v. Harris, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances). The special circumstances that might warrant federal habeas intervention before trial include proven harassment, bad faith prosecutions and other extraordinary circumstances where irreparable injury can be shown. Carden, 626 F.2d at 84 (violation of speedy trial right not alone an extraordinary circumstance). Rosenbalm's repeated allegations about the state courts' refusal to respond to him appear at first blush to present potential special circumstances. However, examining the chronology of events shows that the alleged slow service does not amount to a special circumstance. On September 26, 2006, Rosenbalm was arrested, booked and released with directions to return to court in mid-October. He apparently was arrested again on October

---

[2] Rosenbalm also alleged in his petition that he was improperly held for seven days in 2004 prior to arraignment on a separate criminal charge. It is too late to assert any habeas challenge to the 2004 detention because Rosenbalm is no longer in custody on that charge. A habeas petitioner must be in custody for the action he is challenging at the time he files his petition. See 28 U.S.C. § 2241(c); Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

18 and arraigned on October 23, 2006, and may have been in custody since then. The fact that only a matter of weeks passed between his arraignment and the November 27, 2006 filing of his federal petition puts his numerous complaints about slow service by the state courts into perspective and leads this court to conclude that there has not been a delay of sufficient magnitude to constitute a special circumstance warranting federal intervention in the criminal case against Rosenbalm. Rosenbalm was peppering the state courts with filings -- he may have filed as many as 12 state habeas petitions -- much as he has done in this court with his nine separate federal actions and numerous letters filed since November 2006. Because Rosenbalm has not shown special circumstances that warrant federal intervention before the trial is held and any appeal is completed, this court will abstain and DISMISS the petition without prejudice. See id. at 84. The alleged problems that Rosenbalm claims he is enduring are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

The dismissal of this action is without prejudice to Rosenbalm filing a new habeas petition, but he should not file a new federal petition for writ of habeas corpus unless he gets convicted or committed and then not until his direct appeal and state habeas proceedings have concluded and he has given the state's highest court a fair opportunity to rule on each of his claims.

The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: March 21, 2007

SUSAN ILLSTON
United States District Judge

3